## McKinney v. Commonwealth.

May 7, 1943.

Hector Johnson for appellant.

Hubert Meredith, Attorney General, and Arthur T. Iler, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Reversing.

The appellant, Harvey McKinney, appeals from a sentence of one year to the penitentiary for stealing chickens of the value of $2 or more in violation of section 1201c of the Kentucky Statutes (now KRS 433.250). His complaint is, in effect, that he is a victim of the trial court's failure to heed the adage, "Don't count your chickens before they hatch."

A hen, the property of Sunshine Gabbard, feeling the urge to motherhood, "stole a nest" in the woods some distance from the house. When last seen by Sunshine she was setting on seventeen eggs. The entire outfit, hen and eggs, disappeared and the hen was found several days later by Sunshine at Harvey's home surrounded by a brood of chicks. Harvey claimed to have bought the hen from his mother for 50c and the mother, in turn, claimed to have acquired her from a brother for and in consideration of some pans and skillets but the evidence amply justifies the jury's finding that Harvey's longing for poultry had gotten the better of him and that he had removed the hen from Sunshine to outer darkness.

But, while the jury were warranted in finding Harvey guilty, thus bringing home to him the truth of another adage, "Chickens come home to roost," there was no basis for the felony conviction. In fixing the value of the stolen property Sunshine said, "Figuring the eggs at 10c and them hatching and the hen at a dollar it comes to $2.70." Under the instructions the jury were authorized to find the defendant guilty of the felony if they believed he stole "a lot of chicken, to wit: one hen and seventeen eggs of the value of $2 or more." Thus, it is seen, the court in permitting the jury to consider eggs as chicken for purposes of value did, in truth, count chickens before they hatched. The statute authorizes conviction for a felony only if chickens of the value of $2 or more are stolen. The evidence was sufficient to show only that appellant was guilty of the included misdemeanor of stealing a chicken of the value of $1 and the

verdict finding him guilty of the felony was unauthorized.

We may add that the Attorney General admits error and suggests that the judgment be reversed.

Reversed with direction to grant the appellant a new trial and for further proceedings consistent with this opinion.